LAND, J.
This is a mandamus suit to compel the president of the school board to sign a deed conveying all the timber on a certain section 16 to relator, pursuant to a resolution of said board.
The defendant pleaded that the contract of sale was ultra vires, and in the alternativa *595 that the board did not sell for the highest obtainable price.
The court a qua held that the contract was ultra vires. Relator appealed.
The statutes confer no powers of sale whatever upon the school board. Rev. St. 1870, §§ 2958-29G0.
A conditional power of lease is conferred on such board by section 2962. But in the present ease the condition precedent has not happened.
With no power to sell or to lease, the board sold to relator at private sale, for $3,000, all the timber on the section. The contract was a sale. It is argued that the board stands in the position of a usufructuary, with the right to gather the natural fruits of the soil.
No such right has been conferred by statute. The board is not the owner, but merely an agent of the state, which holds the title in trust for the school district.
The sixteenth section cannot be sold without the approval of a majority of the legal voters of the township, and the sale must be at public auction. To hold that a parish school board has implied power to sell at private sale or otherwise all the timber on the section, constituting in this and other cases almost the entire value of the tract, would be to nullify the statutes.
Judgment affirmed.